IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

AARON ADAM TRUJILLO,

Defendant.

No. CR 10-00605 WHA

**ORDER GRANTING STAY**

## INTRODUCTION

Defendant, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015). The government moves to stay proceedings pending resolution by the Supreme Court of the applicability of *Johnson* to the residual clause of Section 4B1.2 of the United States Sentencing Guidelines. For the reasons discussed herein, the motion to stay is **GRANTED**.

## STATEMENT

On October 14, 2010, defendant Aaron Adam Trujillo pled guilty to three counts of bank robbery 18 U.S.C. 2113(a). The presentence report calculated a guidelines range of 151 to 188 months after applying an enhancement under Section 4B1.2 of the United States Sentencing Guidelines (PSR ¶ 45). On January 11, 2011, this Court sentenced defendant to 151 months imprisonment.

On May 23, 2016, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 (Dkt. No. 30). On July 6, 2016, the government moved to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, S. Ct. Case No. 15-8544.

**ANALYSIS**

In *Johnson,* the Supreme Court concluded that the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B), was unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

Defendant challenges as unconstitutional the "residual clause" of U.S.S.G Section 4B1.2(a), which is set forth below in italics:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Defendant contends that the residual clause is unconstitutional in light of the Supreme Court's conclusion in *Johnson.* Defendant further asserts that defendant's 100-month sentence was imposed under the residual clause of U.S.S.G Section 4B1.2(a), and that, therefore, the sentence "was imposed in violation of the Constitution" (Mtn. at 14).

The government moves to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles* regarding the application of *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2). Specifically, the Supreme Court has granted certiorari to determine: (1) "[w]hether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); (2) "[w]hether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) [w]hether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence"

1 only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson." *See*
2 *Beckles*, S. Ct. Case No. 15-8544.

3 The Court recognizes that if *Johnson* applies retroactively to the guidelines then
4 defendant could be prejudiced by the stay. This is not a situation, however, in which the Court
5 has discretion because the statute has barred relief in these circumstances. Section 2255
6 currently bars the Court from granting the motion because it was made more than one year after
7 the date on which the judgment of conviction became final. The only possible exception would
8 be 28 U.S.C. 2255(f)(3), which allows a defendant to bring a Section 2255 motion within one
9 year of "the date on which the right asserted was initially recognized by the Supreme Court, if
10 that right has been newly recognized by the Supreme Court and made retroactively applicable to
11 cases on collateral review." However, the issue of whether a defendant may bring a collateral
12 challenge to sentences imposed under the residual clause of U.S.S.G. § 4B1.2 is currently
13 before the Supreme Court in *Beckles*. As such, the Supreme Court has not yet recognized such
14 a right. *See United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (noting that it is an "open
15 question" whether the residual clause of U.S.S.G 4B1.2(a) remains valid in light of *Johnson*);
16 *see also United States v. White*, CR 11–0366 (N.D. Cal. July 8, 2016) (Judge Maxine M.
17 Chesney). This order therefore **GRANTS** the government's motion to stay.

## CONCLUSION

For the reasons stated herein, the government's motion to stay is **GRANTED**. No later than 30 days after the Supreme Court issues a decision in *Beckles*, the government shall file its opposition or other response to defendant's Section 2255 motion.

**IT IS SO ORDERED.**

Dated: July 15, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE