IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON ADAM TRUJILLO,<br><br>Defendant.<br>_____ / | No. CR 10-00605 WHA<br>No. CR 10-00608 WHA<br><br>**ORDER RE SECTION 2255 PETITION** |

## INTRODUCTION

Defendant moves to correct his sentence under Section 2255 of Title 28 of the United States Code. The government opposes. For the reasons herein, the government's motion to dismiss is **GRANTED**, and defendant's motion is **DENIED**.

## STATEMENT

On August 12, 2010, the defendant pled guilty to three counts of bank robbery in violation of Section 2113(a) of Title 18 of the United States Code. Defendant had two prior convictions for the same offense. At sentencing, the Court found that the defendant's prior convictions constituted crimes of violence under the Career Offender Guideline, United States Sentencing Guideline 4B1.1, and sentenced defendant to 151 months imprisonment. He did not appeal.

In May 2016, defendant filed this timely Section 2255 petition arguing that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) — which held that 18 U.S.C. 924(e)(2)(B)(ii) is void for vagueness — compels the conclusion that Guideline 4B1.1 is void for vagueness, and that, on this basis, his sentence should be vacated.

In July 2016, the government moved to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 197 (2017), which motion was granted (Dkt. No. 39). After *Beckles* was decided, the government filed a motion to dismiss based on *Beckles* holding that "Guidelines are not subject to a vagueness challenge under the Due Process clause" and "the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." 135 S. Ct. at 886, 892.[1]

Trujillo filed a response in March 2017, in which he submitted the issue for decision without taking a position on the motion to dismiss (Dkt. No. 47). Shortly thereafter, however, Trujillo moved to withdraw his response and to object to his attorney's concession (Dkt. Nos. 49, 50). That motion was granted (Dkt. No. 52), and Trujillo was appointed new counsel in June. Counsel submitted a response to the government's motion to dismiss, which is considered herein (*see* Dkt. No. 58).

**ANALYSIS**

*Beckles* foreclosed void for vagueness challenges against sentences imposed pursuant to Section 4B1.2(a)(2)'s residual clause, which classified any crime that "involves conduct that presents a serious potential risk of physical injury to another" as a crime of violence. Trujillo admits this in his response (Dkt. No. 58 at 2 n.2). Moreover, he admits that his plea agreement stipulated that his crime of conviction was a crime of violence under Section 4B1.2(a)(2) (*id.* at 4). Nevertheless, he argues that his sentence is unlawful and should be vacated because his crime of conviction did not fall within the "elements" clause of Guideline Section 4B1.2, which provides that a crime of violence includes any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Even accepting Trujillo's argument that his crime did not fall within the "elements" clause, he fails to explain, or even argue, that his crime was not subject to Section 4B1.2(a)'s residual clause. It was. Accordingly, he has failed to show that his sentence should be vacated or amended.

---

[1] Until 2016, Section 4B1.2(a)(2) provided that a crime of violence included any offense that "involves conduct that presents a serious potential risk of physical injury to another." This was the version of the guideline in place at the time of Trujillo's sentencing, and is therefore the applicable version for purposes of this order.

**CONCLUSION**

For the foregoing reasons, Trujillo's motion is **DENIED**. Rule 11(a) of the Rules Governing Section 2255 Proceedings require a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Trujillo has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

**IT IS SO ORDERED.**

Dated: October 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE